Your Honor, this is the second case of the morning. Call 209-0968, Cannon Automotive Limited v. MacNeil Automotive Products Limited. On behalf of the Appellant, Mr. Timothy Sham, excuse me, Mr. Sham, I'm sorry. And on behalf of the Appellant, Mr. Adam Poitier-Bollinger. Mr. Sham, is that how you pronounce it? It's like Shaw, Your Honor. Yes, okay. Good morning, Your Honors. Good morning, Counsel. May I please have the Court? Your Honors, we have two issues presented for review today, and they both involve the enforcement of a foreign money judgment. The first is whether, under Illinois law, one is allowed to assert a set-off or a counterclaim under the facts that we have here. The second is whether or not the trial court retains the authority to stay that judgment in the same manner as it does an Illinois judgment. We respectfully suggest that both answers to those questions are yes. As to the first question, unfortunately, there's not a lot of case law addressing this issue. But under the case law we do have, which is addressing 12-608, which became 512-63CC, Illinois law clearly allows for a defendant who is defending against a registration proceeding of a foreign judgment to assert a counterclaim or a set-off to that judgment. Counsel, let me ask a threshold question. Was there any legal impediment to the filing of the counterclaim in the United Kingdom? Legal impediment to the filing of the claim in the United Kingdom. The answer is there is a legal impediment insofar as English procedure is concerned. And that's why we proceeded with our counterclaim. What is the legal impediment? The legal impediment is more a matter of procedure in that under the English procedure, because this is designated as a counterclaim on separate facts, they can go to judgment on their breach of contract claim on the unrelated mass before we would have a right to assert a counterclaim. But on those facts, you still could have filed it. There was no legal impediment. Wasn't it sort of a strategic decision not to file it in the UK? In other words, there was nothing that legally prohibited you from filing it in the UK, correct? Yes. Yes, Your Honor, that's correct. And it doesn't constitute collateral estoppel where you could file that counterclaim here or in federal court. Is that also correct? Yes, that's correct. In answering Your Honor's question, I think that's one of the key distinctions between the prior body of case law and the instance situation, which is that we filed it immediately. It is functioning as a counterclaim before they went to judgment in England. And the reason for that is that we have limited control over when they can get that judgment in England, which would be right away before we were able to be heard on our counterclaim, and that's why we proceeded in federal court. And I think that is a key factual distinction. All right, so you're saying that while before the judgment had been entered in the United Kingdom, you filed a proceeding in the federal court here? Absolutely. Yes. We filed our counterclaim in federal court roughly a week after being served. And I think that's a key distinguishment of prior case law. Could you have asked the federal court for this similar relief that you're seeking or sought in the circuit court or did you get counted? Well, we just asked for the opportunity to seek that relief to either assert a set-off or a counterclaim. Or in the alternative, we said, you know, the enforcement should be stayed pending the conclusion of the federal proceeding. Did you make that motion in the federal court? No. And the trial court stated that it was his understanding that he did not have the authority to issue a stay, and that was clearly the purview of the federal court. I think that we – I read the findings of the trial court to be that not only did he think he had the authority, he just said, yes, I have the authority to grant this, but you didn't meet your burden. You didn't meet what he perceived to be the three criteria. I think it's fraud. Like jurisdiction? Yeah. Yeah. Right. So this is not a question that the trial court didn't think it had authority to grant the relief you were asking. I read this as a situation where the trial court appreciated it could grant your relief but found that you did not meet your burden. Well, Your Honor, as to the portion of setting aside the judgment, you know, the fraud or all of the factors that are under the statute, correct. That's right. He said we did not meet our burden. But as to whether or not a stay was proper, he said that was a matter for the federal court to decide. He said I understand why you came to me first for the issue, but I don't want anything that I have to say here to prejudice you in front of the federal court if you seek a stay in federal court. You said that you filed a federal claim one week after you were served. Yes. And how long after you were served was judgment entered in the U.K.? I believe it was three or four months, Your Honor. And what's the status of the federal case relative to your counterclaim? The federal fact discovery closes March 31st. Is there a trial date scheduled? There is no current trial date. And just as a practical matter, on the first issue, whether or not a party is entitled to assert a set-off or a counterclaim, I would respectfully submit that if this case is not a proper case for a party to assert a set-off or a counterclaim, and those words are effectively written out of the statute, for all practical purposes, this is the only case. If you have a foreign judgment being entered against you and you are proceeding concurrently with a claim in Illinois, most likely you're going to be in federal court because of diversity issues. So if a federal case is not a case in which a party in Illinois court can assert a set-off or a counterclaim, then it's our position that... But isn't it a different jurisdiction? It is. No, absolutely, Your Honor, but that's what we're saying. We're saying, okay, we've got a pending federal case. These are the counterclaims and set-offs. If they're going to bring a petition proceeding in Illinois state court, well, now we're in Illinois state court. And that's why we believe the statute provides the opportunity to bring a set-off or a counterclaim in those circumstances. What about the contrary argument or the counterargument that the statute, 636C, applies to counterclaims or set-offs being asserted in response to a pending claim or a pending case? Once the judgment has been enrolled, what do you find the counterclaim against? Well, I think 636C applies to the enforcement of a judgment that's already been entered in foreign court that's now being registered in an Illinois court. And what it provides the defendant an opportunity to do is assert a set-off or a counterclaim. So we have a liquidated sum that is part of our claim in federal court stating we were entitled to a credit for defective mats that issued earlier. But the – and then that's a set liquidated sum. And I think that 636C allows a defendant in a registration proceeding to assert that before the trial court. Let's assume that that's correct. Is the right to do that absolute or doesn't the court have some discretion when it considers the factors? I mean, it is – there's two issues, okay? You're saying that the section permits that. Does the court have to allow that? Is it mandatory that the court allows that? If the defendant has a proper set-off or counterclaim, then yes, I think the statute gives the defendant the opportunity to do that. There's no discretion with the trial court to weigh any factors? I don't believe so. Well, there really isn't a way to do that. Wait, what's a proper counterclaim? Isn't that putting the court before the horse? Do you just have to allege it and that is enough? No, I think – and that goes back to the specific factual circumstances of this case. This is not a case where this is essentially a collateral attack that is just being asserted after judgment is entered. This is a case where you have a pending federal claim at the same time that the lawsuit is proceeding in England. So you have two, essentially, cases proceeding concurrently. So it's not a case where essentially you wait for a judgment to be entered in a foreign jurisdiction, do nothing, and then try to assert a counterclaim later. I can abstractly visualize three scenarios. One is there are three jurisdictions, A, B, and C. Illinois is C. The registration is filed in C. The first scenario is in A, there is a complaint filed, and in that same case number, there is a counterclaim filed. The second scenario is there is, in jurisdiction A, a complaint filed, and in a separate lawsuit, a counterclaim is filed, or a complaint between the parties. It could be about the same facts. It could be about different facts. The third scenario is there is a claim filed in A. There is a claim filed by the defendant in A as plaintiff in B, and that filing was prior to the entry of judgment in jurisdiction A. Then A brings suit in C, attempting to file the judgment, while the counterclaim or the complaint in B still pans. According to what you said to us, I believe what you were saying was that Judge Polkjoy essentially removed those scenarios except for one, the first one, which was that if there is a complaint filed in A, there has to be a pending counterclaim filed in A as well in the same lawsuit, and that if it didn't happen that way, the second and third scenarios are inappropriate for a defense that you've raised here and that the judgment should be filed. That is exactly correct, Your Honor, and I would say that the scenario laid out with A, B, and C is exactly what we have here, and Judge Polkjoy essentially ruled that only B had the discretion to stay in the enforcement of the judgment, and I think that's incorrect. I think as to the state issue, which is the second argument, I think that the statute is clear that a judgment that's registered in Illinois is the same as an Illinois judgment. It's treated exactly the same. I think the trial court retains the authority, whether or not our counterclaims are pending in federal court, to stay in that judgment. But going to the first point, I think your A, B, C example is exactly correct, which is this is the case where a party should be allowed to assert a counterclaim or a set-off, and if it's not the case, then those words, I think, are effectively written out of the statute. I don't know how else a party could. Well, my point is that the way Judge Polkjoy seemed to analyze the situation, he was saying that only the first scenario would allow him the hook that would preclude filing, whereas the second and the third scenario would not. I think that's correct, but I think that's incorrect. I don't think that's correct. I didn't say it was correct. That's his analysis. I think that's correct. And, again, the one point I want to emphasize on the stay issue is that this is not a collateral attack on a foreign judgment because it's simply a matter of English procedure. Our counterclaim was immediately filed, and it was pending before any judgment was entered, and I think the statute allows us to assert a set-off or a counterclaim. Which specific, what relief are you seeking from this court? The relief we're seeking is essentially a reversal of Judge Polkjoy's decision that he does not have the authority to, well, let me back up, that we do not have the ability under 636C to assert a set-off or a counterclaim. That's number one. The second issue presented is that Judge Polkjoy did not retain the discretion to stay the case pending the federal proceedings, and that's issue number two. He stated in his transcript or at the hearing, he stated this is a matter for Judge Gatchel in the federal court, and he did not think it was appropriate for him to rule on whether or not the judgment. So you want a remand for what purpose? A remand to allow us to assert a set-off or a counterclaim in the registration proceeding, and or a remand to allow Judge Polkjoy to decide whether or not he thinks it's appropriate to stay the case. How can we allow the former when it supposedly is in the process of being adjudicated in the federal court? You say you want it remanded so you can assert a set-off or a counterclaim. My point is that asserting it is different than relating what happens in the federal court. Asserting means you present your set-off or counterclaim in Judge Polkjoy's courtroom after a hearing on a merits. I don't think that's appropriate. I think what is appropriate is he stays the proceedings until it is resolved in federal court, and based upon what the federal judgment is, he will then supposedly reconcile what transpires. That's exactly right, and we make that point in our motion. Okay, well, that isn't what you just said, I don't think. Right. That's the practical conclusion of where we think it's going, and that's what we said. We said there makes no sense to have parallel proceedings, state and federal. And if Your Honors have no further questions? I might if you keep on. Thank you very much. Thank you. Mr. Oyebunji, is that correct? Thank you, Your Honor. Yes. Counsel. May it please the Court. Karen's position in this case is that there is no good reason. Could you move the microphone up? Thank you. I hope it's the volume of my voice, not my accent, Your Honor. No, but the thing is, this is being recorded, and it will then be on the Internet. You'll be able to hear yourself. Worldwide. Worldwide, on the Internet. I can think of nothing worse. Your Honors, the position that the appellee takes, obviously, is that Judge Poggio is entirely correct in his approach to this case. And that the Court should be very careful not to undermine the policy of the Enforcement of Foreign Judgments Act. I would direct the Court to its earlier decision in practice management in Thurston, where the Court has effectively decided these issues already. And it decided them on the basis that, you know, enforcement of judgment is a summary procedure. If it's not a summary procedure, then the whole basis of comity between courts where their judgments are enforced, as they would have been in their own jurisdictions, is lost. And you lose, as the First District said as long ago as 1914 in Raymond and Varnum, which is cited in the Thompson and Safeway case, you lose the finality of litigation. Forget that this is a transnational case and pretend that we're staying inside the borders of the United States. And assume that you have a judgment in Florida where the defendant chooses, for tactical reasons, not to contest. There's a default judgment in Florida that we come to Illinois to seek to enforce. What if you brought it in Florida and they brought it in either the Florida Federal Court or the Northern District of Illinois's Federal Court? In that case, you would have parallel claims. And you can have parallel claims. And there are certain bases for courts to issue anti-suit injunctions or not. When you say parallel, what do you mean? Because I'm thinking in terms of the statute as being contemporaneous or simultaneous or chronologically compatible. Your Honor, I mean that. But the reason I use the term parallel is that for McNeil and Mr. Shawn to talk in terms of counterclaims and set-offs in federal court is just a complete misnomer. It's first-year civ pro. You can't have a counterclaim unless there's a claim. And in federal court, the claimant, the plaintiff, is McNeil. Now, there is a counterclaim in the federal court, but that counterclaim is canonized. So this idea that there's some kind of set-off or counterclaim in federal court is, with all due respect to Mr. Shawn, nonsense on stilts. You just can't do it. If you want to have a counterclaim, you go into the same court as the claim and you bring your action. Did he take that quote out of a case somewhere? Nonsense on stilts, I think, is what he's referring to. We're trying to conjure up in our imagination what nonsense on stilts looks like. The visual image of it. Your Honor, on my first day of law school here, I'm cursed with having been to law school twice. My civ pro professor wrote nonsense with stilts on the blackboard, and it's an issue that's never quite left me. But the fact remains, you just can't have a counterclaim without a claim. And there is no counterclaim, there is no claim in federal court for Mr. Shawn to counterclaim against. If he wanted to do that, then he had two options. He could have brought his set-off and counterclaim in England. Or he could have moved to either persuade the English court not to proceed in England at all, or gone to federal court and had the federal judge issue an anti-suit injunction against the English court and have the whole case tried in federal court. That isn't what the parties did. And frankly, it's not what they agreed to do. What the parties agreed to do, and I reference A8 of the Perry's appendix, what the parties agreed expressly in front of the English court was that McNeill would allow Cannon's claim to be dealt with in England and would not defend in England. And if you look at the transcript, the partial transcript of A203, the reason for that was that the English court wanted to be assured, and Cannon wanted to be assured, that any judgment that the English court gave would actually be enforced and not bogged down in endlessly moving 3,000 miles away from where the decision was made. That was the representation that Cannon made to the English court. And in return, Cannon withdrew its motion for an anti-suit injunction against the Northern District so that McNeill could present its claim, not its counterclaim, its claim in federal court. There's nothing wrong with having contemporaneous parallel claims, but they are not claim and counterclaim, and they should not be treated as such. So bottom line, you're saying the UK case went its course, it's over, it's done, and now it's just to be enforced. And the opposing side has its opportunity to raise its claim, although it's calling it a counterclaim, but it's really its claim against Cannon in federal court. And if they prevail, they can enforce that judgment. That's your bottom line. Absolutely. And then go to England and enforce it. What is your concept of a set-off vis-à-vis a counterclaim? A set-off, I think, in both English and Illinois law is simply a claim that is so closely, a counterclaim, if you like, that's so closely tied to the claim that it would operate as a defense to the actual claim, whereas a counterclaim now need not necessarily operate as a defense. That's the distinction I would draw between the two. You may bring an unrelated action between the same parties into court, and that might well be a counterclaim, but it wouldn't necessarily be a set-off because the factual nexus is too distant. That's how I would draw the distinction. A point I would make, Your Honor, two points, really. Firstly, 636 has absolutely nothing to do with judgments. It doesn't make any sense to read a statute that is in a foreign money claims act as opposed to a recognition of a foreign money judgments act as being a judgments act. It's not. And the reason you don't find any talk of discretion or standards in 636 is that all 636 is saying is that if I'm in an Illinois court and I bring an action for damages in pounds sterling, the fact that the defendant has a counterclaim based in dollars or pesos or euros doesn't matter. He can still bring it. That's all 636 is about. It doesn't apply here. There's no statutory basis for what Mr. Shaw is asking for. Am I to understand that what you're saying is that if you have a judgment for X pounds and for some reason, some way, shape, or form, the defendant has a judgment for X dollars, that that claim in dollars might be brought properly in this litigation because it has been, in fact, brought to judgment because it is, in fact, a judgment and not a claim. Is that what you're saying? Because you seem to be attempting to differentiate between claims and judgments. Oh, yes. And in this case, you have a judgment. They have a claim in pen. But what if they had had a judgment from the federal district court and you had brought this after the fact that they had obtained a judgment, and when you attempted to register your judgment, they would then say, you can file your judgment if you want, but we want to file our judgment and have it set off and diminished, or if it's greater, you know, in real dollars or whatever, then we should get a judgment in our favor. If that were to happen in this case, if you were to have simultaneously existing judgments, you would have different enforcement proceedings. You would have what? You'd have different enforcement proceedings because of the domicile of the parties. I think the proper venue for enforcement of a judgment against Canon, which is resident in the United Kingdom, would be in the United Kingdom. You go to the Queen's Bench Division in England and you say, I've got my judgment. That would be appropriate, but would it not also be appropriate here because you're attempting to enforce? What you might be able to do, and I might argue this, that there are actual competing judgments, and that might be a basis for some kind of stay. It might be a basis for a stay because you will find, I think, if you read Mr. Shaw's briefing, where he talks about the insolvency issue, he talks about a case I think called Adam Martin, if memory serves, where there were, if Your Honor will bear with me just one moment. I don't want to mangle the reference. Yes, Adam Martin and Brandon Construction, or Brandon Partnership. That was a case where there was a set-off of judgments. There were actual judgments arising, though, out of the same arbitration. So there was an arbitration where the arbitrator made awards for both parties. Both those awards are entered in Illinois court under the arbitration act, and the judge in that case set off one judgment against the other. But again, they're in the same proceedings. We don't have the same proceedings here. We could have had the same proceedings, but the parties, and in particular McNeil, chose not to do that. And it's not right in my submission that having deliberately chosen not to have its claims dealt with in the same case, that it comes here and asks the court to treat it as if it had. Counsel, is it fair to say that the trial court here did not conclude that the statutory provisions did not give it the authority to grant a stay? The court decided, after weighing the matter, that the statutory provisions, when applied, didn't warrant a stay. There was a discretion involved, correct? Yes, that's entirely right. And I think you make that point in our brief, that the standard, as far as that is concerned, is one of easy discretion. And the judge did not abuse it. What's your response, then, to Mr. Shellam's statement that Judge Popejoy said that he would leave the issue to the federal district court judge? Well, the way I read that colloquy is that the judge is essentially saying, look, you've got a trial in federal court. You're raising lots of issues that aren't in front of me, lots of factual issues that aren't in front of me. If you want to go into those factual issues, then you must go to the federal court and have it dealt with there. It's my job, as a state court judge, respecting the judgment of the sister court, simply to follow the Enforcement of Foreign Judgments Act and enforce the judgment. You have argued in front of me various bases for why I should not enforce it or stay, and I reject that. In the federal jurisdiction or the federal case, did you or attorneys representing your client attempt to dismiss the proceedings on the basis of grace judicata or estoppel by judgment or collateral estoppel? No, no, no. The agreement between the parties in England was Cannon could bring its claim in England and McNeill would not defend it, which, in fact, is what it's doing here. And they could bring their claim in the UK. And they could bring in federal court their claim, and you would not seek to dismiss it based upon their failure to raise it in the UK. Your Honor, yes. That was entirely right. And had that agreement been adhered to, we would not be here. This judgment would have been enforced, and the claim would have proceeded. And is there some reason why you didn't both take the one step further and say that even though we were registered in Illinois, we won't attempt to enforce it until such time as there's been a resolution of the federal claim? Well, the parties could have made that arrangement, but they didn't. It just seems like you decide to buy a car and you go to the dealer, they put a down payment, but you never buy it. It's like this thing has gotten to the point where, you know, you're engaged, but you've never set the date. Well, again, that would imply some unity of purpose. Is it irrational? No, it would imply some unity of purpose. And the underlying assumption, again, is that what is going on in the federal court is a counterclaim. It's not. These are separate actions. They should be dealt with separately. The parties chose to deal with them separately. And having decided to deal with them separately, it's not now appropriate to deal with them as if they were together. So bottom line, are we going to decide this case based on the statute or decide this case based on the agreement of the parties? You should decide this case based on the statute. And the agreement is irrelevant? The agreement simply bolsters your position. I think the agreement bolsters our position. Please answer the question. I think it bolsters our position. It simply reflects the parties' understanding that they were going to try these cases on entirely separate tracks, that they were to stand on their own two feet, and they should not be conflated as claim and counterclaim when they end up. And your position would be that once McNeil came in to try to stop the registration or the enforcement of the judgment, that the terms of the agreement were off? Not so much off. There is a risk. I don't put it any higher than that. There is a risk that there will be proceedings in England for violation of the undertaking that McNeil gave to the court in England. But that is something that may or may not happen. But if there were to be a consequence, it would be that. Mike, I abuse my time and make one final point. The whole basis of Mr. Sean's argument that he couldn't bring a claim for reasons of timing, there is nothing in the record about that. You can look in the record up hill and down dale and you will find no basis for those statements, none whatsoever. And for that reason alone, we shouldn't be here, and this case should be dismissed. Thank you. Counsel, can you start off by addressing the opposing counsel just alluded to? There was this agreement between the parties to allow proceedings on separate tracks, and somehow that agreement was breached in some manner. How can you respond to that? Well, Your Honor, I think, first of all, it's a strategy. I have been on this case since the very beginning. Counsel has come to the case during the middle, and he is subsequent to the proceedings that went on in England and the initiation of the case in Illinois. There is no agreement. The agreement, what we agreed to do was essentially consent to a default judgment. We said we don't agree to jurisdiction, but frankly, it's so expensive to litigate in England that economics didn't make sense, and there are a lot of different reasons. And the other reason was that we wouldn't be able to be heard even if we decided to assert a counterclaim in the English proceeding before they could go to judgment on their claim. So the only agreement was is that we're not going to participate any further, and that was it. So there was no agreement. With regard to counsel's first point, which is that we don't have a viable claim for a set-off, Judge Goschel has just recently ruled on one of their motions to dismiss, and Justice McLaren, she went to your exact point, which is that this had not been already litigated in the state court. Therefore, there was a viable controversy. When you say state court, you meant U.K. or Illinois? Illinois, before Judge Popejoy. She stated there was no record that our set-off or counterclaim had been litigated before Judge Popejoy, and therefore denied their motion to dismiss, because we have a claim for declaratory judgment stating we were entitled to a set-off based on the defective goods you sold us first. So that's completely incorrect. With regard to counsel's argument on 636, that is nowhere in their brief. It was mentioned before Judge Popejoy, but that's the first time they've raised it. And they've conceded before the trial court and before this court, they haven't disputed, that the analysis under 12608, which became the Uniform Act, remains the same. So I think that a party still under Illinois law has a right to assert a set-off or a counterclaim. This is an overarching question. We have litigation in multiple jurisdictions. All right? So let me ask you this. Depending on what happens here, are you saying that if we don't overturn the trial court's ruling here, you're left without a remedy to ever assert a counterclaim or a set-off against Cannon or against McNeil? No, no. That's not what we're arguing because we still think that the federal court could step in and issue a state ending the conclusion of the federal proceedings. So you can be entitled to the full set of remedies even if we don't reverse the trial court? Yes. Yes, that's potentially correct. But we think that they're proceeding, they're not enforcing this in federal court. They're before the state court. And we think that the state court not only has the statute, we have the statutory right to assert a set-off or a counterclaim, but more importantly that the Illinois trial court has the authority, the authority to stay. The authority but not the obligation. Exactly. Exactly right. Exactly right. And in the transcript, Judge, and I was there at the argument when we argued before Judge Popejoy, and he looked directly at us and said, I don't want anything about what I'm saying to prejudice you as to the merits on whether or not a stay is warranted. And it's just my opinion. That's a matter for the federal court, and it's not in my jurisdiction. And here, we believe the stay is warranted. Well, from what I've gathered so far, it sounds like the U.K. could enter some sort of injunctive proceeding or a contempt citation against you for whatever it deemed was inappropriate on your part in attempting to prosecute a counterclaim outside of the British courts. The state of Illinois could stay these proceedings up until the federal court rendered a decision, and then it would seem appropriate for the trial court in the state of Illinois to render a judgment one way or the other. Then it also seems like the federal district judge, regardless of what happens in this proceeding, could enjoin the plaintiff, I believe in this case, from attempting to enforce or to file supplementary proceedings or levy or execute on the judgment. Everything is correct except for your first point, and there's one more thing I want to bring up with regard to that, which directly applies to it. They filed in England. Immediately, we filed in Chicago. Both sides filed an anti-suit injunction. They tried to enjoin the Chicago proceedings. We tried to enjoin the English proceedings. One of the central factors, which is why we decided to go to default, we're not going to object anymore to the proceeding there, is because comments from the English court stated that it was leaning towards enjoining our federal lawsuit. So by not objecting or by not participating in that proceeding anymore, that removed the basis by which the English court could enjoin the Chicago court as interfering in its proceedings. And that injunction would be entered pursuant to what authority? I'm not sure of the English authority, Your Honor, but it's called an anti-suit injunction, and we have the same... The authority for enjoining proceedings in another country. Because it goes directly to the fact that what we have in the federal court is a set-off. It is a counterclaim. And we were saying that the English court should not... It should not go to judgment on that because we have a viable set-off for a counterclaim. And that would have... Somehow, they would have construed that as interfering with their jurisdiction. That's my understanding of the basis. Any other questions? My last question, I guess, is that you chose a path, and the consequences of not defending in England was that your only remedy is in federal court. Why isn't it what counsel said about the English case is now done? It's over. It's finished because your opportunity to file a counterclaim has dissipated. Now you have a claim in federal court. And when that case is done, perhaps you ask the federal court judge to give you a set-off as to a foreign judgment that is now registered in, assuming, registered in Illinois state court. But all of that is because you chose not to litigate in England. And why are you not bound with the consequences of that decision? Your Honor, I think that goes directly to the point, which is, practically speaking... Not practically. Perfect. I understand why you did what you did, but nonetheless, our hands are not to make it right. Our hands are to enforce the laws as written. Exactly. And I think it goes to Justice McClaren's example of ABC. If we had a jurisdictional amount that did not meet diversity standards, we would be in Illinois state court. So assume, for example, we had brought the claim for a set-off for a counterclaim in Illinois state court. That's exactly what Judge Oakjoy looked at, too. And he said, well, this is federal. I don't have the authority. But our point is, they're registering it in Illinois. I mean, they're relying on the power of the Illinois state court to try to enforce this judgment. And what we're stating is that, assume that the jurisdictional amount was $60,000 and we had our claim pending in DuPage County. That goes directly to bringing in a pending claim for counterclaim or set-off in the Illinois state court. And the analysis shouldn't be any different because our claim is currently pending in federal court just because of the jurisdictional amount. The fact is, they're asking an Illinois court to enforce this judgment. And a defendant in those circumstances has rights under Illinois law to defend against it. And that's all we're saying. If they went to federal court to try and enforce that, if there was a mechanism, obviously it would be a simpler situation. But just because they're in Illinois state court doesn't deprive McNeil of the right to defend that given the available options. And that's exactly what we're stating. Okay. Any questions? No. Thank you very much. Thank you very much.